UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY JAMES WILLIAMS, CDCR #K-08880,<br><br>                      Plaintiff,<br><br>vs.<br><br>JERRY BROWN; HONORABLE FEDERICO CASTRO; PAUL J. PFINGST; MICHAEL GROCH; JOHN DOE,<br><br>                      Defendants. | Case No.: 3:16-cv-02648-GPC-DHB<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]; AND**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)** |

Bobby James Williams ("Plaintiff"), currently incarcerated at the California State Prison, Sacramento located in Represa, California, and proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). However, prisoners who are granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) also requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. See 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. Id.

In support of his IFP Motion, Plaintiff has submitted a copy of his Inmate Statement Report for the six-months preceding the filing of his Complaint. *See* ECF No. 3 at 5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had an average monthly balance of $76.51, and average monthly deposits of $43.33 to his account over the 6-month period immediately preceding the filing of his Complaint, as well as an available balance of $141.68 at the time he submitted the statement. *See* ECF No. 3. Based on this financial information, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 3), and assesses his initial partial filing fee to be $15.30 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Court will direct the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect this initial fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     Plaintiff's Allegations**

Plaintiff's Complaint names Governor Jerry Brown, San Diego Superior Court Judge Federico Castro, former San Diego District Attorney Paul J. Pfingst and San Diego Deputy District Attorney Michael Groch as Defendants. (ECF No. 1 at 1-2.) Plaintiff claims these Defendants have violated his Eighth and Fourteenth Amendment rights by "falsely imprisoning" him. (*Id.* at 3-4, 7.) He seeks $2,000,000 in compensatory and punitive damages. (*Id.* at 7.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

### D. Criminal Proceedings – Law Enforcement Defendants

First, to the extent Plaintiff seeks damages against law enforcement officials Pfingst and Groch, and claims they "prevented Plaintiff from being released from prison," he may not pursue those claims in a civil rights action pursuant to 42 U.S.C. § 1983, without first showing those convictions have already been invalidated. *See Heck v. Humphry*, 512 U.S. 477, 486-87 (1994).

In *Heck,* the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 486-87.

"Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state

prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact *or length* of his custody.'" *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 489-99 (1973) (holding that a writ of habeas corpus is "explicitly and historically designed" to provide a state prisoner with the "exclusive" means to "attack the validity of his confinement" in federal court) (emphasis added). A § 1983 claim that would "release the claimant from confinement or shorten its duration, or would necessarily imply the invalidity of the conviction or sentence is, therefore, barred by *Heck*. *See Thornton v. Brown*, 757 F.3d 834, 841 (9th Cir. 2013).

Because Plaintiff seeks damages based on a conviction he alleges was "false," and more specifically, on a sentencing enhancement he deems to have been improperly applied, his claims amount to an attack on the validity of his underlying criminal conviction. *See Thornton*, 757 F.3d at 841 (a "§ 1983 claim may be asserted unless its success would release the claimant from confinement or shorten its duration"). Here, if successful, Plaintiff's § 1983 him would entitle him to a speedier release at the very least. Therefore, Plaintiff may not proceed with his § 1983 suit unless conviction has already been invalidated. *Heck*, 512 U.S. at 486-87; *Ramirez*, 334 F.3d at 855-56 ("Absent such a showing, '[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983.'"), *quoting Heck*, 512 U.S. at 489. Plaintiff's underlying conviction, however, has not bee invalidated. *See* ECF No. 1. As such, *Heck* bars Plaintiff from moving forward with his § 1983 suit.

### E.     Judicial and Prosecutorial Immunity

Second, to the extent Plaintiff seeks damages against Judge Castro for presiding over his criminal proceedings, his claims are legally frivolous, for "[j]udges are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). As prosecutors, Pfingst and Groch are likewise entitled to absolute prosecutorial immunity. *Id.* at 1076 ("Where a prosecutor acts as an advocate 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431

(1976)); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

### F. Claims against Brown

It appears that Plaintiff is seeking to hold the Governor of the State of California, liable on the grounds that as the Governor he has "illegally confined" Plaintiff. (ECF No. 1 at 2.) But his Complaint contains no further "factual content" describing Defendant Brown's direct involvement in any constitutional injury actually suffered by Plaintiff sufficient to "allow[] the court to draw the reasonable inference that the [Defendants] [are] liable" for any constitutional violation. *Iqbal*, 556 U.S. at 678. "All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070 (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 672-673. "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation, and alterations omitted).

Plaintiff's allegations fail to plausibly suggest that Defendant Brown personally participated in, or directed his subordinates to do anything which caused an actual violation of Plaintiff's constitutional rights. *Jones*, 297 F.3d at 934; *Starr*, 625 F.3d at 1205-06; *Redman v. City of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (finding supervisory personnel liable only when an adequate causal connection is alleged between the Defendant's breach of duty and the plaintiff's constitutional injury).

"Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, as currently pleaded, the Court finds Plaintiff's Complaint amounts to no more than "an unadorned, the defendant[s]-unlawfully-harmed-me-accusation," that "stops short of the line between possibility and plausibility" that he is entitled to relief. *Id.* at 678. Therefore, it "fails to state a claim to relief that is plausible on its face," *Id.*; *Taylor*, 880 F.2d at 1045, and his claims against Defendants Brown must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### G.  Statute of Limitations

Finally, "[a] claim may be dismissed [for failing to state a claim] on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Id.* (quoting *Supermail Cargo, Inc. v. U.S.,* 68 F.3d 1204, 1206 (9th Cir. 1995)); *see also Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (where the running of the statute of limitations is apparent on the face of a complaint, dismissal for failure to state a claim is proper, so long as Plaintiff is provided an opportunity to amend in order to allege facts which, if proved, might support tolling); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 216 F.3d 764,

788 (9th Cir. 2000) (court may raise the defense of statute of limitations sua sponte), overruled on other grounds by *Gonzalez v. Arizona*, 677 F.3d 383, 389 (9th Cir. 2011) (en banc); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (upholding sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B) of prisoner's time-barred complaint).

Because section 1983 contains no specific statute of limitation, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Before 2003, California's statute of limitations was one year. *Jones*, 393 F.3d at 927. Effective January 1, 2003, the limitations period was extended to two years. *Id.* (citing CAL. CIV. PROC. CODE § 335.1). The law of the forum state also governs tolling. *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)); *Jones*, 393 F.3d at 927 (noting that in actions where the federal court borrows the state statute of limitation, the federal court also borrows all applicable provisions for tolling the limitations period found in state law).

Under California law, the statute of limitations for prisoners serving less than a life sentence is tolled for two years. CAL. CIV. PROC. CODE § 352.1(a); *Johnson v. California*, 207 F.3d 650, 654 (9th Cir. 2000), *overruled on other grounds, Johnson v. California*, 543 U.S. 499 (2005). Accordingly, the effective statute of limitations for most California prisoners is three years for claims accruing before January 1, 2003 (one year limitations period plus two year statutory tolling), and four years for claims accruing thereafter (two year limitations period plus two years statutory tolling). In addition, the limitations period for prisoners is tolled while the "prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).

Unlike the length of the limitations period, however, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388; *Hardin*, 490 U.S. at 543-44 (federal law governs when a § 1983 cause of action accrues). "Under the traditional rule of accrual . . . the tort cause

of action accrues, and the statute of limitation begins to run, when the wrongful act or omission results in damages." *Wallace*, 549 U.S. at 391. Put another way, "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

In this case, the "wrongful act" which is alleged to have caused Plaintiff harm occurred in June of 1997, nearly twenty years before Plaintiff filed this Complaint on October 25, 2016. (ECF No. 1. at 1.) Thus, because Plaintiff is not serving a life sentence, the statute of limitations expired at the latest (based on the allegations in the Complaint) in June of 2000, well before this action was commenced in October 2017. Based on the allegations in the Complaint, it is outside California's statute of limitations, even including all presumed periods of tolling provided by statute. *Wallace*, 591 U.S. at 391; *see also Maldonado*, 370 F.3d at 955; CAL. CODE CIV. PROC. § 335.1 (tolling statute of limitations "for a maximum of 2 years" during a prisoner's incarceration)

Finally, Plaintiff's claims could be considered timely if, in his Complaint, he alleges facts sufficient to show the limitations period may be equitably tolled. *See Cervantes*, 5 F.3d at 1276-77. Generally, federal courts also apply the forum state's law regarding equitable tolling. *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir.1988). Under California law, however, Plaintiff must meet three conditions to equitably toll the statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) Defendants must not be prejudiced by the application of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic,* 28 Cal.App.4th 1328, 1335 (Cal.Ct.App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978); <u>Fink</u>, 192 F.3d at 916.

As currently pleaded, however, the Court finds Plaintiff has failed to plead any facts which, if proved, would support any plausible claim for equitable tolling. *See Cervantes*, 5 F.3d at 1277; *Iqbal*, 556 U.S. at 679. Accordingly, the Court finds that Plaintiff's claims are barred by the statute of limitations.

Thus, for all these reasons, the Court finds Plaintiff's Complaint fails to state a claim upon which § 1983 relief may be granted, and that it therefore must be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez,* 203 F.3d at 1126-27; *Wilhelm*, 680 F.3d at 1121.

## IV. Leave to Amend

Finally, while the Court would typically grant Plaintiff leave to amend in light of his pro se status, it concludes that doing so under the circumstances presented by Plaintiff's pleadings would be futile. *See Lopez*, 203 F.3d at 1127; *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

Amendment is futile because even if Plaintiff could somehow allege facts to show Defendants violated his due process rights during his criminal proceedings, that Judge Castro was not immune or that Governor Brown was responsible for his "illegal confinement," his claim for damages under § 1983 could still not yet proceed pursuant to *Heck* because his attempts at invalidating his conviction, either on direct appeal, or through a writ of habeas corpus as evidenced by the exhibits attached to his Complaint, have to date been unavailing.

Therefore, because all these proceedings reveal Plaintiff cannot amend his pleading to allege the additional facts required to show either that the underlying conviction which forms the basis of his § 1983 claims has already been invalidated, or that the Defendants he seeks to sue are not absolutely immune, the Court denies leave to amend as futile. *See Lopez*, 203 F.3d at 1127; *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (noting that leave to amend is not required if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal citations omitted).

## V. Conclusion and Order

For all the reasons explained the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3).

2. **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $15.30 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint in its entirety for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), without leave to amend as futile.

5. **CERTIFIES** that an IFP appeal from this Order would be frivolous and therefore, would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous); and

6. **DIRECTS** the Clerk of Court to close the file.

**IT IS SO ORDERED**.

Dated: March 14, 2017

Hon. Gonzalo P. Curiel
United States District Judge